**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DESHONE E. DONALD,**

     **Plaintiff,**

**vs.**                                        **CASE NO. 4:20-CV-00536-MW-MAF**

**OFFICER WYCHE,
et al,**

     **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, a prisoner currently housed at Leon County Detention Facility, is proceeding *pro se.* Plaintiff initiated this case on November 12, 2020, by submitting a complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. For the reasons stated below, the case should be dismissed pursuant to 28 U.S.C. § 1915A(b), among other things, for failure to state a claim upon which relief may be granted and because it seeks habeas relief, which is not cognizable under Section 1983.

### I.   Relevant Procedural History

Plaintiff filed a motion to proceed *in forma pauperis*, ECF No. 2, which the Court granted on November 18, 2020. ECF No. 4. The Court directed

Plaintiff to pay an initial partial filing fee of $2.50, which was due December 21, 2020. Id. The Court warned, if the fee was not paid by the deadline, his case would be dismissed. Id. As of the date of the drafting of this Report, Plaintiff has failed to pay the partial filing fee. Still, the Court has reviewed Plaintiff's complaint and finds that it should be dismissed for the reasons set forth.

## II.   Standard

### A. Applicable Law for Screening

Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. § 1915A; see also Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007) (*per curiam*). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A, a complaint must be dismissed if the court determines a complaint fails to state a claim upon which relief can be granted. See Wright v. Miranda, 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. See Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The court may dismiss a complaint that fails "[t]o state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). "To '[a]void dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." Wright, 470 F. App'x at 694 (citing Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)).

Complaints filed by *pro se* prisoners are held to "[l]ess stringent standards than formal pleadings drafted by lawyers[.]" Haines v. Kerner, 404, U.S. 519, 520 (1972) (*per curiam*). However, although a *pro se* pleading is liberally construed, it still must "[s]uggest that there is some factual support for a claim." Id. "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

## III.  Facts of the Complaint

Plaintiff sues Defendants Wyche and Mixon, in their official capacities, both of them are officers with the Tallahassee Police Department. ECF No. 1,

p. 2-3. Plaintiff claims he is a civilly committed detainee, Id., p. 4; however, according to the online inmate search, he is being held at the Leon County Detention Center for violating the terms of his probation.[1] According to Plaintiff, in November 2017, Defendants used excessive force when they shot Plaintiff's car, in violation of the Eighth Amendment. Id., p. 5. Plaintiff's car was in the Village Trace Apartments complex. Id. Plaintiff also claims he was "false[ly] imprison[ed]" and "wrongfully charged . . . with attempted murder/battery on [a] law enforcement officer." Id. Plaintiff also claims he was placed on "VOP" for leaving the state. Id. Eventually, the state dropped the attempted murder count but left the battery charge intact. Id. Plaintiff maintains that no officers were harmed. Id.

As relief, Plaintiff seeks to have the criminal charges dismissed. Plaintiff also seeks $500,000 for nerve damage (though he alleges no physical injury), lost wages, hardship because of a divorce, and "PTSD." Id., p. 7.

---

[1] Inmate records for Leon County Detention Center are located at the following URL: https://leoncountyso.com/departments/detention-facility/inmate-search.

Case No. 4:20-CV-00536-MW-MAF

## IV.   Discussion

### A. Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999).

Plaintiff was required to pay the filing fee by **December 21, 2020**, and failed to do so. Accordingly, dismissal without prejudice is appropriate. Even if Plaintiff were to comply with payment, the Complaint warrants dismissal for failure to state a claim because it is barred by Heck v. Humphrey, 512

U.S. 477 (1994), Eleventh Amendment immunity, certain claims are not cognizable under Section 1983, and it is otherwise a shotgun pleading.

B. Futility of Claims under *Heck v. Humphrey*

When liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, Plaintiff has in no way sufficiently stated a constitutional claim upon which relief can be granted. A prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. The most obvious example of an action barred by Heck is one in which the plaintiff seeks damages directly attributable to conviction or confinement.

"The Court's purpose was to limit the opportunities for collateral attack on [criminal] convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (internal citations omitted). Thus, unless a plaintiff can demonstrate that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ

of habeas corpus," the complaint must be dismissed. <u>See</u> <u>Heck</u>, 512 U.S. at 487.

Here, Plaintiff has a parallel criminal proceeding. Plaintiff was originally charged in Leon County Case No. 2017CF003910[2] with aggravated battery on a law enforcement, felony fleeing or attempting to elude an officer, and attempted second degree murder on law enforcement officer. A probable cause order was issued. Plaintiff plead *nolo contendere* to aggravated battery on a law enforcement officer, in violation of Fla. Stat. § 784.07(2D), and felony fleeing or attempting to elude an officer, in violation of Fla. Stat. § 312.1935(3A). DE No. 120. On August 20, 2019, the court withheld adjudication and sentenced Plaintiff to 629 days in prison (with full credit for time served) and an eight-year term of probation. <u>Id</u>. Plaintiff filed a habeas petition seeking to eliminate the requirement that he be subjected to weekly urinalysis testing, which the court granted. DE Nos. 125, 127. On July 8, 2020, Plaintiff was charged with committing probation violations.[3] DE

---

[2] Leon County criminal court records are available online at the following URL: https://cvweb.leonclerk.com/public/online_services/search_courts/process.asp. Citations to the online docket are cited in this Report as "DE No. ___."

[3] It is alleged Plaintiff failed to complete outpatient treatment, left the county without permission, and was charged with attempting to rob and murder staff at a check cashing establishment on July 7, 2020, in Dothan Alabama. There is one count of robbery as well as four counts of attempted murder alleged in the Houston County, Georgia Information No. 01-02-015419.

Nos. 131, 132. Plaintiff's next case management conference is scheduled for March 15, 2021. As of the date of the drafting of this Report, Plaintiff also has a pending mandamus petition for the Leon County criminal case at the Florida Supreme Court, Case No. SC20-1788.

Here, Plaintiff is incarcerated due to the violation of probation subsequent to the judgment of the state court. Thus, because Plaintiff's claims seek to recover damages for an alleged unconstitutional conviction, the unlawfulness of which could render his conviction invalid, his claim for false imprisonment is barred by Heck and should be dismissed.

C. Plaintiff's Excessive Force Claim is Legally Insufficient.

"A prison official violates the Eighth Amendment when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014) (emphasis and internal quotation marks omitted); Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To prevail on such a claim brought under § 1983, the plaintiff must show: (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) a causal connection between the defendants' conduct and the Eighth Amendment violation." Townsend v. Jefferson Cty., 601 F.3d 1152, 1158 (11th Cir. 2010). See Franklin v. Curry, 738 F.3d 1246, 1250

(11th Cir. 2013) ("[d]eliberate indifference requires the following: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence").

To establish excessive force, the force must have been "sadistically and maliciously applied for the very purpose of causing harm." Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002). Evidence viewed in the light most favorable to the plaintiff must go "beyond a mere dispute over the reasonableness of the force used" and must "support a reliable inference of wantonness in the infliction of pain." Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987). "[A] good-faith effort to maintain or restore discipline' does not give rise to an Eighth Amendment violation . . . the malicious or sadistic application of force to cause harm does." Thomas v. Comstock, 222 F. App'x 439, 441-42 (5th Cir. 2007) (citing Hudson v. McMillian, 503 U.S. 1, 7 (1992)). However, once a prisoner has been subdued, "[t]he use of force must stop when the need for it to maintain or restore discipline no longer exists." Skrtich v. Thornton, 280 F.3d 1295, 1304 (11th Cir. 2002) (citation omitted).

Here, the only facts Plaintiff presents are that the Defendants shot his car in Village Trace Apartments complex sometime in November 2017. ECF No. 1, p. 5. Plaintiff claims he wants compensation for nerve damage but

does not provide any details on how the incident occurred or what injuries he suffered as a result. Plaintiff's claim that his car was shot is legally insufficient without connecting the use of force to the injuries he allegedly suffered and without providing context for the encounter. The leniency afforded to *pro se* litigants does not permit them to file an impermissible shotgun pleading. See Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. If Plaintiff chooses to properly amend his complaint, he may do so within fourteen days of receipt of this Report and Recommendation. Still, Plaintiff is required to pay the initial partial filing fee with his amended complaint. As stated previously, failure to comply with court orders warrants dismissal.

Moreover, one remedy Plaintiff seeks is a dismissal of his criminal charges. It is well settled that a prisoner may not use 42 U.S.C. § 1983 to challenge "the fact or duration of his confinement." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Rather, a prisoner must seek habeas relief pursuant to 28 U.S.C. § 2254. Plaintiff does not have pending criminal charges as a result of his encounter with officers in November 2017. Instead, as narrated

above, Plaintiff entered a plea to those charges and was sentenced to probation and time served. Plaintiff violated his probation by incurring new criminal charges – a robbery and four counts of attempted murder – and by failing to comply with other terms of his probation. Plaintiff's claims for habeas relief is simply not cognizable under Section 1983 and should be dismissed.

D. Plaintiff's Official Capacity Claims Should be Dismissed.

Florida's sovereign immunity extends to its agencies, subdivisions, or officers. See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Fitzgerald v. McDaniel, 833 F.2d 1516 (11th Cir. 1987). That "bar exists whether the relief sought is legal or equitable." Papasan v. Allain, 478 U.S. 265, 276 (1986). Naming a government official in his official capacity is the equivalent of naming the governmental entity itself. See Kentucky v. Graham, 473 U.S. § 159, 169 (1985). A state official, however, may be sued in his official capacity when the suit alleges a constitutional violation by the official, acting in his official capacity and seeks only prospective injunctive relief. See Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011). The State of Florida is immune from monetary damages based upon the Eleventh Amendment. Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11th Cir. 1986). This is so because the Eleventh Amendment of

the U.S. Constitution bars suit against a state in federal court absent valid congressional override, waiver of immunity, or consent to suit. See Wusiya v. City of Miami Beach, 614 F. App'x 389, 393 (11th Cir. 2015). Section 1983 does not abrogate state sovereign immunity for damage suits; and Florida has not waived its immunity from § 1983 suits. See id. A state and an agency of a state (i.e. the Florida Department of Corrections) are thus immune from liability under § 1983. See Williams v. Robbins, 153 F. App'x 574, 576 (11th Cir. 2005).

Florida Statute § 768.28(9)(a) states "[n]o officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action to any injury or damage suffered as a result of any act, event, or omission of action in the scope of her employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose. . . ." (emphasis added). In addition, Florida Statute § 768-28(17) states "[n]o provision of this section . . . shall be construed to waive the immunity of the state or any of its agencies from suit in federal court, as such immunity is guaranteed by the Eleventh Amendment to the Constitution . . ."

Plaintiff provides no set of facts to establish that he suffered a constitutional violation nor any that suggest that officers acted in bad faith or

with malicious purpose. The fact that officers shot Plaintiff's car, without more, cannot establish a constitutional violation. Accordingly, Plaintiff's official capacity claims should be dismissed.

## V.   Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's Complaint be DISMISSED because:

1. Plaintiff failed to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

2. Plaintiff's false arrest claim is barred by Heck v. Humphrey.

3. Plaintiff's claim for habeas relief is not cognizable because it is a claim properly raised under 28 U.S.C. § 2254.

4. Plaintiff's excessive force claim is legally insufficient. Should Plaintiff choose to properly amend this claim, he shall submit the partial filing fee together with an amended complaint, on the proper form, no later than fourteen (14) days after receiving this Report and Recommendation.

5. Plaintiff's claims against Defendants in their official capacity claims are barred by the Eleventh Amendment.

6. It is further recommended that the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida, on January 14, 2021.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).